## BELLOWS v. WOODS.

An auditor's report is *primâ facie* evidence of what it legally contains, and, on trial, is not liable to be impeached by evidence tending to weaken its force as such.

ASSUMPSIT, on account annexed for $17.31.

To support his claim the plaintiff offered in evidence the report of an auditor allowing him $14.32 damages.

To rebut this the defendant offered to prove by the auditor that he allowed the claim upon the testimony of a single witness, and also — what he testified to and then proposed to prove — that his testimony was false and his character for truth was bad. To this evidence the plaintiff objected, and the court sustained the objection.

To this ruling the defendant excepted.

*Cooper*, for the defendant.

*Burns*, for the plaintiff.

WOODS, J. The effect of an auditor's report is determined by the statute. "It shall be given in evidence to the jury, subject to be impeached by evidence offered by either party."

It would wholly frustrate the aim and policy of this statute if the court were to allow evidence to be given for the purpose of weakening the effect which the statute thus assigns to the report. The party in whose favor it is made is entitled to the benefit of what he has gained, to the extent to which the law gives it to him.

This has always been considered, in the construction of the satute cited, and of others *in pari materiâ*, to be a *primâ facie* case. The evidence by which it is to be met must be other than that, the direct and sole tendency of which is to show that, owing to the manner in which it has been

Bellows *v.* Woods.

obtained, it ought to have less effect than that which the law assigns to it.

The plaintiff has obtained a report in his favor. The defendant wishes to deprive him of its benefit by showing that the auditor did not correctly weigh the testimony, or that he himself suffered the report to be obtained, when he might have caused a different one to have been made, by appearing with his witnesses and being fully heard.

In either view he is clearly wrong. He is bound by the report to the extent to which the law gives it effect. The court correctly excluded the evidence that was offered, and there must be

*Judgment on the verdict.*